## Breuer Estate

*John P. Davis,* for executor.
*Robert Stefanon,* for Commonwealth.

KEIM, *J.,* August 23, 1977—The matter before the court is for the purpose of determining the correctness of the Pennsylvania inheritance tax, and the question was raised for the first time at the audit of said estate and as a result a hearing was set for November 9, 1976, at which time the Commonwealth contended that the court did not have jurisdiction to hear the matters complained of, for the reason that the executor did not comply with section 1001 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373.

In general we agree with the Commonwealth; however, under the facts and circumstances of this case we believe the contention of the executor has merit.

As we stated before, the executor, by its attorneys, has asked this honorable court to determine the correct amount of Pennsylvania inheritance tax owed by the above-named estate under the following circumstances. Decedent's estate contained items of income in respect of a decedent (I.R.D.) as shown on the schedule marked exhibit 1 which is attached hereto. On September 15, 1975, the executor filed its inheritance tax return (Form RCC-33) and, as required by the then existing interpretation of the law, included therein, without reduction for income taxes paid thereon, the items of I.R.D. included in the estate.

On November 26, 1975, the Supreme Court of Pennsylvania decided Rose Estate, 465 Pa. 53, 348 A. 2d 113 (1975), in which the court held that the I.R.D. included in a decedent's estate must be reduced for purposes of valuation for Pennsylvania inheritance tax by the amount of Federal and State income taxes paid thereon. The case changed the existing interpretation of the law under which the executor, and other fiduciaries and the bar generally, had formerly acted.

After the Rose decision, the Pennsylvania Department of Revenue and the deputy attorney general in Pittsburgh were unable to agree upon the proper procedure whereby the executor of an estate currently being administered could claim a refund for inheritance tax paid on I.R.D. before Rose, i.e., tax determined without regard for income taxes attributable to I.R.D. Deputy Attorney General Duff in the Pittsburgh office seemed to feel personally that an adjustment in taxes occasioned by Rose could be efficiently accomplished by stipulation between legal counsel for fiduciaries and his office. On the other hand, the Department of Revenue has

maintained that the matter was solely one of valuation to be settled in the appraisement. The executor received a letter from Deputy Attorney General Duff dated October 22, 1976, advising that the dispute had been resolved in favor of the Department of Revenue's position that the correct procedural manner for applying the decision in Rose was to appeal any appraisement which had been filed containing I.R.D. unreduced by Federal and State income taxes.

The notice of filing of appraisement for the above-named estate was filed on March 29, 1976, during the aforementioned period of procedural uncertainty. An RCC-62 was filed on August 13, 1976, the statement of debts and deductions (RCC-10) was filed on September 15, 1976, and the tentative statement Pennsylvania transfer inheritance tax (the tentative statement) was filed October 21, 1976. The tentative statement shows a tax balance owed the Commonwealth of $1,022.15 with interest from May 12, 1975.

The executor has requested that this court, in connection with its audit of the account filed by the estate, review the determination of Pennsylvania transfer and inheritance tax in light of Rose Estate, supra, and determine such tax as if the items of I.R.D. had been included in a reduced amount to allow for payment of Federal and State income taxes thereon as required by that decision.

Does this honorable court have jurisdiction to review the determination of Pennsylvania transfer and inheritance tax under these circumstances, upon proper motion by the executor?

Section 1001 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-1001, provides in relevant part:

"Any party in interest, including the Commonwealth and the personal representative, not satisfied with the appraisement, the allowance or disallowance of deductions, the assessment of tax, or supplements thereto, *or any other matter relating to any tax imposed by this act,* within sixty (60) days after receipt of notice of the action complained of may—

". . .

"(3) Appeal to the court to have the correctness of the action complained of determined at the audit of the account of the personal representative, or at such time as the court shall fix." (Emphasis supplied.)

The statute clearly authorizes broad judicial review of *any* matter relating to *any* tax under the act. The executor respectfully submits that this language gives the court jurisdiction to consider the present motion. The language of the statute could not be clearer.

In addition the appeal to this court at the audit on November 3, 1976, was obviously within 60 days after the filing of the Tentative Statement on October 21, 1976. Such appeal to this court falls flatly within the time limit imposed by section 1001.

The Department of Revenue takes the position that this honorable court may not consider the question because the RCC-33 reported the items of I.R.D. without reduction, the appraisement adopted this value and no appeal was taken within 60 days of the filing of the appraisement. The position of the Department of Revenue reflects a narrow and erroneous reading of the statute.

The Supreme Court of Pennsylvania has stated in footnote form in Gillespie Estate, 462 Pa. 455, 341 A. 2d 471 (1975), that the preliminary step of filing

a protest with the Department of Revenue, although expressly authorized by section 1001, supra, is not necessary to perfect a right of appeal to the court of common pleas. This language indicates that the Supreme Court regards the three procedural remedies enumerated in the statute as non-exclusive alternatives. If the filing of a protest with the Department of Revenue is not a necessary prerequisite for an action in the court of common pleas, a fortiori, it should not be a bar to this court's consideration of the executor's motion under the facts of this case.

The basis of the Department of Revenue's position is that the decision in Rose Estate, supra, is solely a question of valuation, and, therefore, this request to the court is not timely because it was not made within 60 days of the filing of the notice of appraisement. The executor respectfully submits that the decision in Rose changed the existing interpretation of the law on the subject of taxation of I.R.D. and, as such, must certainly be regarded as ". . . *any* other matter relating to *any* tax . . ." (emphasis supplied) in this instance. The Department of Revenue's argument ignores both the literal language of part (3) of the statute and the fact that motion was timely made within sixty (60) days of the letter from Deputy Attorney General Duff advising that his office was adopting the position of the Department of Revenue, thereby foreclosing stipulation of the matter as a procedural alternative.

There are numerous equitable reasons why the court should consider this motion. The executor asks the court for nothing more than that to which the estate is entitled—a correct determination of inheritance tax applying the law of Pennsylvania as stated in Rose Estate, supra. The estate should

not be prejudiced by the confusion which resulted in the aftermath of Rose and the inability of the Department of Justice and Department of Revenue to agree upon a procedural remedy for estates situated as was this estate and to give timely notice of such agreement in a manner not prejudicial to estates currently in administration.

The alternative of paying the additional tax deficiency proposed by the Tentative Statement and taking an appeal to the Board of Finance and Revenue in Harrisburg is excessively costly, time consuming and burdensome in proportion to the amount of tax in controversy. To adopt the construction of section 1001 that the Department of Revenue proffers would allow a narrow, procedural construction to block the legal result clearly sanctioned by the broad language of the statute.

In any event we believe the executor should have the right to appeal nunc pro tunc. Under all circumstances we do believe this court has jurisdiction, and for that reason will determine the amount of Pennsylvania inheritance tax by applying the decision reached by the Supreme Court of Pennsylvania in Rose Estate, supra.

### DECREE

And now, August 23, 1977, it is hereby ordered, adjudged and decreed that the amount of tax shown by computation, as submitted by the Executor, is correct, and,

Further, that there has been an overpayment of tax by the executor in the amount of $1,409, which should be refunded.